UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JOHN ROWE,

    Petitioner,

v

CAROL R. HOWES,

    Respondent.

_____/

Case No. 1:11-cv-1110

HON. JANET T. NEFF

**OPINION**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as time-barred.  The matter is presently before the Court on Petitioner's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Final Order.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

    Petitioner argues that the Magistrate Judge erred in applying retroactively a Sixth Circuit decision construing the statute of limitations set out in 28 U.S.C. § 2244(d) (Pet'r Obj., Dkt 4 at 3; R & R, Dkt 3 at 5).  Alternatively, Petitioner argues his case should be subject to equitable tolling and allowed to proceed on the merits (Pet'r Obj., Dkt 4 at 10-16).  Finally, Petitioner argues that in the event his other arguments fail, he should be granted a certificate of appealability (*id.* at 16-17).

### I. Retroactivity

Petitioner argues that the Magistrate Judge was wrong to rely on *Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001), and *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003), in determining that Petitioner's habeas corpus petition was time-barred (Pet'r Obj., Dkt 4 at 3). Specifically, Petitioner argues that because his state court judgment became final in 1999, "the inital focus should be on what the law was in 1999 and 2000 when . . . the AEDPA [Antiterrorism and Effective Death Penalty Act] limitations period was running" (*id.* at 3-4).

Petitioner asserts that "the law in place in 1999 and 2000 was considerably different from the legal principles that were finally determined by . . . *McClendon* . . ." (*id.* at 4). Contrary to Petitioner's assertions, the AEDPA's statute of limitations had been construed by the Sixth Circuit in a number of other cases prior to the expiration of Petitioner's limitations period. *See, e.g., Thomas v. Johnson*, 211 F.3d 1270 (Table) (6th Cir. 2000); *Brewer v. Brigano*, 215 F.3d 1325 (Table) (6th Cir. 2000). Petitioner, however, argues that prior to *McClendon*, "cases read sections (d)(1) and (d)(2) [of § 2244] as independent rules governing when the one year statute of limitations was triggered" (*id.*). Petitioner then string-cites several cases from various circuit and district courts, none of which is controlling authority for the proposition that §§ 2244(d)(1) and 2244(d)(2) should be read as independent limitations periods (*id.*).

Even if these cases were binding on this Court and stood for the proposition Petitioner claims (which is doubtful), such would not further Petitioner's argument that *McClendon*'s construction of § 2244(d) should not apply to his case. The Sixth Circuit has rejected the argument that notice of the provisions of § 2244(d) may be excused or that they are unclear. "The AEDPA statute plainly states that the one-year statute of limitations runs from the 'conclusion of direct review' and that the

statutory period is tolled during the time when a motion for state postconviction review is pending." *Allen v. Yukins,* 366 F.3d 396, 402 (6th Cir. 2004) (citing 28 U.S.C. §§ 2244(d)(1)-(2)). The court concluded that these statutory provisions clearly explained how AEDPA's statute of limitations applies. *Id.* "Notice by means of a statute, moreover, is certainly as adequate as notice through a published court opinion." *Id.* The court also rejected the argument that confusion existed about the application of AEDPA's statutory period. *Id.*

Petitioner argues that he relied on a footnote in *Payton* in timing his filings (Pet'r Obj, Dkt 4 at 7). The circumstances addressed in *Payton* under Ohio law are not analogous to those faced by Petitioner, and in any event, such would not demonstrate more than reliance of the type rejected by the Sixth Circuit. Similarly, the Court is unpersuaded by Petitioner's argument that the Supreme Court's refusal in *Lindh v. Murphy*, 521 U.S. 320 (1997), to apply AEDPA's one-year statute of limitations to cases where judgment became final more than one year before AEDPA's effective date, should preclude retroactive application of *McClendon* (*id.* at 8-9). Any general principle of retroactivity announced in *Lindh* applies to statutory changes in the law, not court decisions clarifying the interpretation of an existing statute.

Petitioner's arguments are without merit, and his objection is therefore denied.

## II. Equitable Tolling

Petitioner next argues that even if his petition was untimely under the statute of limitations, his claims are subject to equitable tolling. Petitioner's arguments that he is entitled to equitable tolling are without merit. Petitioner asserts that the Magistrate Judge erred in stating that equitable tolling should be applied "sparingly" and in citing *Sherwood v. Prelesnik*, 549 F.3d 581 (6th Cir. 2009), and *Cook v. Stegall*, 295 F.3d 517 (6th Cir. 2002), as support for that proposition (Pet'r Obj.,

Dkt 4 at 10; R & R, Dkt 3). Petitioner argues that the Supreme Court has held that there exists a rebuttable presumption in favor of equitable tolling in habeas cases (Pet'r Obj., Dkt 4 at 11) (citing *Holland v. Florida*, 130 S. Ct. 2549 (2010)). Petitioner then urges that "this Court's analysis should focus on whether the rebuttable presumption in favor of equitable tolling has, in fact, been rebutted" (Pet'r Obj., Dkt 4 at 12) (footnote omitted).

Petitioner's argument is based upon a mistaken reading of *Holland*. In *Holland*, the Supreme Court evaluated whether the statute of limitations in habeas cases is subject to equitable tolling. 130 S. Ct. 2549, 2560-62. The Court noted that the habeas statute of limitations, *as a nonjurisdictional federal statute of limitations*, is normally subject to a rebuttable presumption of statutory construction in favor of equitable tolling. *Id.* at 2560-61. The Court reasoned that neither the AEDPA's "textual characteristics" nor its basic purposes rebut the presumption, and therefore the statute of limitations is subject to equitable tolling. *Id.* at 2562. The Court nowhere indicated that in every habeas case there is a rebuttable presumption that the petitioner's claim is subject to equitable tolling. Petitioner's argument to the contrary is without merit, and his objection is therefore denied.

Petitioner also argues that he is entitled to equitable tolling because he has satisfied the two-prong test set out in *Holland* (Pet'r Obj., Dkt 4 at 14). To be entitled to equitable tolling in a habeas case, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner argues that he was diligent because "the law in effect between 1999 (the end of direct appeal) and 2002 (when the Motion for Relief from Judgment was filed) would have led any reasonable petitioner or his attorney

4

to believe that section d(2) was an independent one-year limitation period . . ." (Pet'r Obj., Dkt 4 at 14). Petitioner also asserts that an extraordinary circumstance stood in his way in the form of "the retroactive application of *McClendon* turn[ing] a timely-filed petition into an untimely petition" (*id.* at 15). Petitioner cites the Sixth Circuit's decision in *Sherwood v. Prelesnik*, 579 F.3d 581 (6th Cir. 2009), for the proposition that a petitioner who relies on then-existing law in timing his filings is entitled to equitable tolling if the law changes (Pet'r Obj., Dkt 4 at 15-16).

With regard to the first prong, even accepting Petitioner's flawed interpretation of the state of the law prior to *McClendon* as accurate, Petitioner has offered no argument as to why a delay of three years between the end of his direct appeal and the filing of the Motion for Relief from Judgment is a diligent pursuit of his rights. With respect to the second prong, this Court fails to see how a case decided in 2003 stood in the way of Petitioner filing a motion in 1999 or 2000. The instant case is also distinguishable from *Sherwood*. In *Sherwood*, the Supreme Court had announced a new rule of law before the petitioner's time for filing his petition had expired. *Sherwood*, 579 F.3d at 588. In this case, to the extent Petitioner argues that *McClendon* represents any change in the law, such was announced long after Petitioner's time for filing had expired. Petitioner's arguments are without merit, and his objection is therefore denied.

### III. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues

individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484.

Petitioner argues that there are three issues that should be certified for appeal because reasonable jurists could disagree with the Court's ruling:

> 1. Was the Petition timely filed because *McClendon* should be applied prospectively rather than retroactively?;
> 
> 2. Does *Holland* overrule prior 6th Circuit precedent and require that a presumption in favor of equitable tolling be substituted for the "sparingly" analysis now used?; and
> 
> 3. Whether *Holland* and the unique facts of the Petitioner's case warrant equitable tolling if the Petition is deemed to have been untimely filed?

(Pet'r Obj., Dkt 4 at 17).

Upon review, for the reasons stated above, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable on each of these issues. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: May  9 , 2012                                  /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge